J -S03027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

 COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
 PENNSYLVANIA

 v.

 MIKOS MILLER

 Appellant : No. 1910 EDA 2017

 Appeal from the PCRA Order May 10, 2017
 In the Court of Common Pleas of Northampton County
 Criminal Division at No(s): CP-48-CR-0002208-2005

BEFORE: BENDER, P.J.E., PANELLA, J., and STEVENS*, P.J.E.

MEMORANDUM BY PANELLA, J. FILED JUNE 22, 2018

 Mikos Miller appeals pro se from the order dismissing his "secondul

petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

§§ 9541-9546, as untimely. We affirm.

 A jury convicted Miller of nine counts of simple assault, eight counts of

robbery, three counts of conspiracy, and one count each of aggravated assault

and burglary. On March 6, 2006, the trial court sentenced Miller to an

aggregate term of 251/2 to 51 years' imprisonment. Following Miller's appeal

* Former Justice specially assigned to the Superior Court.

1 This appeal is technically the fifth PCRA petition Miller has filed since the
imposition of his judgment of sentence. However, he was granted PCRA relief
in the form of nunc pro tunc direct appeals as a result of both his second and
third PCRA petitions. Thus, for the purposes of this appeal, we will consider
Miller's current petition to be his second PCRA petition. See Commonwealth
v. Turner, 73 A.3d 1283, 1286 (Pa. Super. 2013) (holding that a PCRA
petition brought after a nunc pro tunc direct appeal is properly considered a
first PCRA petition).
J -S03027-18

of the discretionary aspects of his sentence, this Court determined that Miller

had waived these challenges and therefore affirmed Miller's judgment of

sentence.

 Shortly thereafter, Miller filed his first PCRA petition, alleging counsel's

ineffectiveness in failing to preserve his claims. The PCRA court denied the

petition. Instead of seeking appellate review, Miller filed a timely second PCRA

petition seeking reinstatement of his direct appeal rights nunc pro tunc. The

PCRA court granted the petition. And the nunc pro tunc appeal reached this

Court. But after concluding that Miller failed to preserve his issues through a

post -sentence motion, this Court, once again, affirmed his judgment of

sentence. Based upon this ruling, Miller filed another PCRA petition seeking

reinstatement of his post -sentence rights nunc pro tunc. The PCRA court

granted Miller this relief, but denied his subsequently filed post -sentence

motion. This Court affirmed Miller's judgment of sentence on March 8, 2013.

Miller did not seek further direct review.

 On April 2, 2014, Miller filed another PCRA petition, this time raising

ineffective assistance of counsel claims. The PCRA court denied Miller's petition

following an evidentiary hearing. Miller filed this pro se PCRA petition on March

20, 2017. Finding Miller's petition untimely, the PCRA court filed a notice of its

intent to dismiss without a hearing. Despite Miller's response to the notice,

the court dismissed his petition. This appeal follows.

 Prior to reaching the merits of Miller's claims, we must first consider the

timeliness of his PCRA petition. See Commonwealth v. Miller, 102 A.3d 988,

 - 2 -
J -S03027-18

992 (Pa. Super. 2014). The timing of a petition "is a threshold question

implicating our subject matter jurisdiction and ability to grant the requested

relief." Commonwealth v. Whitney, 817 A.2d 473, 478 (Pa. 2003) (citations

omitted). A second petition must be filed within one year of the date the

judgment is final unless the petition alleges, and the petitioner proves, an
exception to the timeliness requirement. See 42 Pa.C.S.A. § 9545(b)(1)(i)-

(iii). "A judgment becomes final at the conclusion of direct review by this Court

or the United States Supreme Court, or at the expiration of the time for

seeking such review." Commonwealth v. Jones, 54 A.3d 14, 17 (Pa. 2012)

(citation omitted).

 Miller claims that, contrary to the PCRA's court's determination, the

instant PCRA petition was timely filed. In support of his argument, Miller

alleges that the one-year time limit under the PCRA was tolled from the date

he filed his first PCRA petition following his nunc pro tunc direct appeal in 2014

until the conclusion of direct review of that petition in 2017. Therefore,

because Miller asserts his current PCRA petition was filed within a one-year

time frame, after adjusting for tolling, Miller contends that the PCRA court

erred in concluding it did not have jurisdiction to review his claims.

 Because the PCRA's time restrictions are jurisdictional in nature, the

"period for filing a PCRA petition is not subject to the doctrine of equitable

tolling." Commonwealth v. Robinson, 139 A.3d 178, 185 (Pa. 2016)

(citation omitted). Thus, Miller's judgment of sentence became final on April

 -3
J -S03027-18

8, 2013,2,3 when his time for seeking a petition for allowance of appeal with

our Supreme Court expired. See Pa.R.A.P. 1113(a) (petitioner has thirty days

from the entry of the order sought to be reviewed to petition the Pennsylvania

Supreme Court for allowance of appeal). His current PCRA petition, filed

almost four years later, is untimely. The PCRA court lacked jurisdiction to

review Miller's petition unless he was able to successfully plead and prove one

of the statutory exceptions to the PCRA's time bar. See 42 Pa.C.S.A. §

9545(b)(1) -(iii).

 Because Miller believed his petition was timely filed, he failed to plead

the applicability of any of the timeliness exceptions to the PCRA time -bar.

Therefore, the PCRA court correctly concluded that the petition was untimely,

and therefore unreviewable.

 Order affirmed.

2 While Miller's judgment of sentence was imposed in 2006, his nunc pro tunc
direct appeal following the reinstatement of his post -sentence rights altered
the date his sentence became final and, therefore, restarted the one-year time
period for filing a PCRA. See Turner, 73 A.3d at 1286.

3The thirtieth day following the entry of our memorandum denying relief fell
on Sunday, April 7, 2013. Pursuant to statute, Miller had until the following
business day to file a petition with our Supreme Court. See 1 Pa.C.S.A. §
1908.

 -4
J -S03027-18

Judgment Entered.

J seph D. Seletyn,
Prothonotary

Date: 6/22/18

 -5